**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**WANDA PEEBLES and**
**EDWIN PEEBLES,**

    **Plaintiffs,**

    v.                                                Civil Action No. 3:16cv1007-HEH

**NATIONSTAR MORTGAGE LLC,**

    **Defendant.**

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and between Plaintiffs Wanda Peebles and Edwin Peebles (collectively, "Plaintiffs"), and Defendant Nationstar Mortgage LLC ("Defendant"), through their respective attorneys of record, as follows:

WHEREAS, documents, testimony and information have been and may be sought, produced or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, or other proprietary information belonging to Defendant and/or credit, personal and other confidential information belonging to Defendant and/or other confidential information of Plaintiffs.

THEREFORE, this Court orders as follows:

1.    This Order shall govern the use, handling, and disclosure of all documents, testimony or information produced or given in this action that are designated to be subject to this Order.

2.    Any documents, testimony or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other party to contain or constitute information protected by *Federal Rule of Civil Procedure*

26(c)(1)(G) or other provision of law, shall be so designated in writing, or orally at a deposition, hearing or trial and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with "CONFIDENTIAL." Such documents, transcripts, or other materials are referred herein as "CONFIDENTIAL MATERIALS."

    3.    A party wishing to designate portions of a deposition transcript CONFIDENTIAL pursuant to this Order must, within twenty-one (21) business days from counsel's receipt of the deposition transcript, designate those portions of the transcript CONFIDENTIAL, in accordance with paragraph 2 of this Order. The designating party shall designate such CONFIDENTIAL MATERIAL either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the page, line numbers and designation. All transcripts will be treated as CONFIDENTIAL until the expiration of the twenty-one day period described in this paragraph. Any portions of a transcript designated as CONFIDENTIAL MATERIAL shall thereafter be treated as CONFIDENTIAL MATERIAL in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

    4.    All CONFIDENTIAL MATERIALS and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the discovery, and/or the preparation and trial of this action in accordance with this Order.

    5.    The Parties agree that CONFIDENTIAL MATERIALS produced in discovery in this case shall not be used, be required to be produced or admissible, in whole or in part, in any other legal or administrative proceedings.

6. Subject to paragraph 9, in the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than: (i) the parties, their attorneys of record, and those attorneys' support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) disclosed experts or consulting experts and their staff employed for this litigation; (iv) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); (v) any governmental agency, governmental office, or other person formally requesting such information or documents by subpoena or civil investigative demand ("CID"), with notice provided to the designating party within three (3) days of the receipt of the request and no fewer than fourteen (14) days before disclosure or production; and (vi) the Court, Court personnel, and members of any jury impaneled to hear this case.

7. Subject to paragraph 9, CONFIDENTIAL MATERIALS shall not be disclosed to any person designated in paragraph 6(iii) unless he or she has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation. All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the preparation for and trial of this case between the named parties thereto.

8. No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in paragraph 6 and

for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL MATERIALS.

9. In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally. If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for fifteen (15) days after such notice. The designating party shall have the right to move the Court for a Protective Order in order to retain the designated status of such materials. If the designating party files such a motion within the fifteen-day period, the receiving party shall continue to retain the materials as CONFIDENTIAL, consistent with the designating party's designation, until the Court has ruled on the designating party's motion.

10. Subject to paragraph 9, any party seeking to file CONFIDENTIAL MATERIALS with the Court must do so by filing such documents under seal in accordance with Local Rule 5.

11. The production or disclosure during discovery of an attorney-client privileged, work product, confidential, or other protected document or information medium ("Protected Material") shall not be deemed a waiver of privilege, work product, confidentiality, or other protection or immunity from discovery by the designating party provided that such production or disclosure would not operate as a waiver according to the principles set forth in Federal Rule of Evidence 502 and the associated case law. Upon notice by the designating party that Protected Material was produced or disclosed, all recipients of the Protected Material shall promptly return, sequester, or destroy the Protected Material and any copies it has and shall not use it (or information in it) in any litigation, not permit it to be copied, distributed or otherwise disclosed

4

to any person until the matter of its production or disclosure is resolved either amicably by the parties, or by Order of the Court. *See* Fed. R. Civ. P. 26(b)(5)(B).

12. Subject to paragraph 9, within sixty (60) days after the conclusion of this case, upon request from the designating party, the parties shall assemble and return to the designating party all materials containing CONFIDENTIAL MATERIALS (with the exception of drafts of pleadings filed with the Court, which the receiving party may retain but shall continue to treat as CONFIDENTIAL MATERIALS as provided in this Order). The receiving party may elect to destroy such materials rather than return them, in which case the party shall provide written verification that the materials, including any summaries, extracts, compilations, notes, or other attorney work product containing CONFIDENTIAL MATERIALS (with the exception of drafts of pleadings filed with the Court), have been destroyed.

13. This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order. Each individual signing the acknowledgment attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

14. This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Rule 5(H).

15. Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL," nor the failure to make such designation, shall constitute evidence on any issue in this case. The designation of any materials as "CONFIDENTIAL" does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

16. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

17. Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Order by providing Plaintiffs and Defendant with written notice that they intend to comply with and be bound by the terms of this Order.

**IT IS SO ORDERED.**

ENTER: _____

_____
United States District / Magistrate Judge

**WE ASK FOR THIS**:

/s/ Kristi Cahoon Kelly
Kristi Cahoon Kelly (VSB # 72791)
Andrew J. Guzzo (VSB # 82170)
Counsel for Plaintiffs
Kelly and Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 Facsimile
E-mail: kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com

Leonard A. Bennett (VSB # 37523)
Counsel for Plaintiffs
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
(757) 930-3660
(757) 930-3662 Facsimile
E-mail: lenbennett@clalegal.com

/s/ Elizabeth S. Flowers
Elizabeth S. Flowers (VSB # 78487)
Counsel for Defendant
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7537
Facsimile: (757) 687-1546
Email: liz.flowers@troutmansanders.com

<u>Exhibit A</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**WANDA PEEBLES and
EDWIN PEEBLES,**

    **Plaintiffs,**

  **v.**                                                       **Civil Action No. 3:16cv1007-HEH**

**NATIONSTAR MORTGAGE LLC,**

    **Defendant.**

**DECLARATION OF** _____ **UNDER
STIPULATED PROTECTIVE ORDER**

    I, _____ being duly sworn, declares as follows:

  1.    My address is _____.

  2.    My present employer is _____.

  3.    My present occupation or job description is _____

_____.

  4.    I hereby acknowledge that: (i) I have been given a copy of the Stipulated Protective Order ("Protective Order") in the above-referenced case; (ii) I carefully read the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

  5.    I will comply with all of the provisions of the Protective Order. I will hold all Confidential Materials disclosed to me, including the substance and any copy, summary abstract, excerpt, index or description, in confidence, and will not disclose such material to anyone not qualified under the Protective Order. I will not use any Confidential Material disclosed to me for any purposes other than this case.

  6.    I will return all Confidential Material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the Party by who I am retained or employed, or from whom I received such material.

  7.    I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purpose of enforcement of the Protective Order in this case.

    I declare under the penalty of perjury that the foregoing is true and correct.

| Date | Printed Name | Signature |
|---|---|---|

30910205